**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ABATEMENT ORDER

Appellate case name:     James Augustine Gomez v. The State of Texas

Appellate case number:  01-22-00729-CR

Trial court case number:  21-DCR-095160

Trial court:                      458th District Court of Fort Bend County

Appellant, James Augustine Gomez, has filed a pro se letter with our Court (1) asserting that, to the best of his knowledge, he is not represented by counsel on appeal and (2) inquiring whether anyone is indeed representing him on appeal. The clerk's record contains an order signed on October 10, 2022, granting a motion to withdraw filed by appellant's appointed trial counsel. There is no indication in the record as to whether substitute counsel has been appointed to represent appellant on appeal. Thus, it is not clear as to whom, if anyone, represents appellant in this appeal.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Fort Bend County District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether appellant is now indigent, and
    a. if appellant is indigent, appoint substitute appellate counsel at no cost to appellant;
    b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and determine whether appellant is knowingly and intelligently waiving his right to counsel and (i) if so, obtain a written waiver of the right to counsel, or (ii) if appellant does not wish to proceed pro se, provide a deadline of no more than **30 days** from the date of the hearing by which appellant must hire substitute counsel
3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

4) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04.

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file, within **30 days** of the date of the hearing, a supplemental clerk's record containing the trial court's findings, recommendations, and any order made. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file, within 30 days of the date of the hearing, the supplemental reporter's record of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.


It is so ORDERED.


Judge's signature: ____/s/ Sarah B. Landau_____
                                          Acting individually

Date: ___January 12, 2023_____